IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 5:03-402 |
| vs. ) | |
| ) | |
| Donald Lee Hanton, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

On December 3, 2004, Defendant Donald Hanton pleaded guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); and conspiracy to conduct and attempt to conduct financial transactions that involved the proceeds of specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1957 and 2 (Count 3). Under 21 U.S.C. § 841(b)(1)(A) as then in effect, Defendant was subject to a mandatory term of life imprisonment for both the cocaine and cocaine base offenses based upon an Information filed pursuant to 21 U.S.C. § 851 seeking an enhanced sentence based on two prior felony drug offenses.

A presentence report was prepared that attributed to Defendant 23 kilograms of cocaine and 4.5 kilograms of cocaine base, for a marijuana equivalent of 94,600 kilograms. Defendant's criminal history included three prior felony controlled substance offenses that served as predicate convictions for career offender purposes pursuant to U.S.S.G. § 4B1.1. Defendant's criminal history points equaled 16, to establish a criminal history category of IV. However, because Defendant was deemed to be a career offender, his criminal history category was VI. Defendant's base offense level was 38. He received a two-point increase for possession of a firearm, for a total adjusted offense level of 40. Defendant received a three-level reduction for acceptance of responsibility, for a total offense level of 37. Absent the mandatory minimum life sentence, Defendant's guidelines range was 360 months

to life.

Pursuant to the plea agreement, the government withdrew one prior felony drug offense at sentencing, which reduced the mandatory minimum statutory sentence from life imprisonment to 240 months imprisonment. At the sentencing proceeding, the court granted a variance pursuant to 18 U.S.C. § 3553(a) that reduced Defendant's guidelines sentence to 240 months. On August 26, 2005, Defendant was sentenced to custody for 240 months as to Count 1 and 240 months as to Count 3, to run concurrently, to be followed by a term of supervised release for 10 years as to Count 1 and 3 years as to Count 3, to run concurrently. Judgment was entered on September 6, 2005. Defendant's current projected release date from the Bureau of Prisons is November 18, 2022.

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Pursuant to § 841(b)(1)(B), a person with one prior "serious drug felony" is subject to a sentence of not less than 10 years and not more than life, to be followed by a term of supervised release of not less than 8 years.

On September 23, 2019, Defendant filed a motion to reduce sentence pursuant to the First Step Act because the penalty for 50 grams of cocaine base has been reduced. On February 4, 2020, the court denied Defendant's motion on the grounds that the statutory penalty for distribution of 5 kilograms or more of powder cocaine has not changed. On April 8, 2020, the Court of Appeals for the Fourth Circuit remanded the within action for further proceedings in light of <u>United States v. Gravatt</u>, 953 F.3d 258 (4th Cir. 2020). Defendant, through counsel, filed a supplemental motion for reduction of sentence on May 1, 2020, to which the government filed a response in opposition on

2

June 10, 2020. Defendant seeks a full review on the merits. In response, the government argues that the changes to § 841(b)(1)(B) made retroactive by the First Step Act do not change Defendant's statutory range because Defendant admitted to being involved in a conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, which portion of the sentence for Count 1 is not affected by the First Step Act.

A sentence reduction report prepared by the United States Probation Office provides that, utilizing the current calculations pursuant to Amendment 750, Defendant's drug amounts yield a marijuana equivalent of 20,669.5 kilograms. Defendant's career offender total offense level is 34 and his criminal history category is VI, for a guidelines range of 262 to 327 months incarceration.

## DISCUSSION

A.     Statutory Mandatory Minimum Sentence

As an initial matter, the court must determine whether the statutory mandatory minimum sentence of 240 months to life for cocaine found in 21 U.S.C. § 841(b)(1)(A) overrides the lower statutory mandatory minimum sentence of 10 years to life for cocaine base established in § 841(b)(1)(B). See United States v. Gravatt, 953 F.3d 258, 264 n.5 (4th Cir. 2020) ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.").

In this case, the plea agreement, presentence report, sentencing transcript, and statement of reasons do not distinguish between the powder cocaine or the cocaine base as the ground for determining the statutory penalty under § 841(a)(1)(A). Thus, the record creates an ambiguity as to whether Defendant's sentence was driven by the cocaine or cocaine base portions, or both, of the

3

conspiracy charge. Where there is ambiguity as to which penalty applies to a defendant, the rule of lenity requires the court to impose the less strict of the two penalties. See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 16 (2011) (holding that when there is ambiguity in interpreting the statutory penalty the rule of lenity applies and leads courts to impose "a more lenient interpretation of a criminal statute"); see also United States v. Rodriquez, 553 U.S. 377, 405–06 (2008) (Souter, J., dissenting) ("The rule [of lenity] is grounded in 'the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should,' and . . . means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess. . . ." )(citation omitted)).

    Other district courts in the Fourth Circuit have recognized that the rule of lenity applies in First Step Act motions when there is ambiguity as to what was the underlying basis for the sentence imposed, and granted relief based on the penalty from the cocaine base charge of multi-object conspiracy. See United States v. Jones, Criminal No. JKB-96-00399, 2020 WL 886694, at *2 (D. Md. Feb. 24, 2020) (applying the rule of lenity as to a conviction for conspiracy to distribute cocaine base and heroin, and assuming that the defendant was convicted only of conspiracy to distribute crack cocaine); United States v. Carrie, Cr. No. 3:09-930-04 (CMC), 2019 WL 3493832, at *3 (D.S.C. Aug. 1, 2019) (applying the rule of lenity to conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and finding that, had the Fair Sentencing Act been in effect at the time of sentencing, the defendant would have admitted guilt only to conspiracy to possess with intent to distribute 50 grams or more of cocaine base); United States v. Barber, Cr. No. 0:09-207-04 (CMC), 2019 WL 2526443, at *2 (D.S.C. June

19, 2019) (same). The court finds these decisions to be persuasive. Therefore, the court applies the rule of lenity and finds that Defendant's original sentence was based upon the statutory mandatory minimum sentence for the cocaine base charge of Count 1. Defendant's mandatory sentence under § 841(b)(1)(B) is 10 years to life.

B.     Sentencing Guidelines Calculations

As noted above, Defendant's reduced Guidelines sentence is 262 to 327 months based upon Defendant's career offender status. In United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence. Further, in United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases. The Fourth Circuit further determined that a court may vary from the Sentencing Guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence. Id.

In this case, Defendant has submitted a Summary Reentry Plan - Progress Report that indicates Defendant completed his GED and has taken numerous education courses, including the completion of a commercial driver's license program. Defendant has one institutional infraction on May 20, 2013 for being absent from assignment for which he lost commissary privileges for thirty days. Defendant is not considered to be a management concern. ECF No. 535-2. Defendant notes that he is the only defendant who remains incarcerated among his co-defendants, based on the disparity among their sentences. Defendant states that his current sentence is 140 months higher than his co-defendants, even though he was not the lead defendant in the indictment.

CONCLUSION

As to Count 1, the court has considered the § 3553(a) factors with respect to Defendant's

post-sentencing conduct, especially the history and characteristics of Defendant and the need for the sentence to reflect the seriousness of the offense and provide just punishment for the offense. The court notes the need to avoid unwarranted sentencing disparities, as the court considered in varying at the sentencing proceeding from the guidelines range of 360 months to the statutory minimum sentence of 240 months. The court also has determined that Defendant is entitled to a reduction on Count 3 under the sentencing package doctrine. See United States v. Hill, Criminal No. JKB-96-00399, 2020 WL 891009, *4 (D. Md. Feb. 24, 2020) ("Under the sentencing package doctrine, when a district court reconsiders a sentence for one count, it can reconsider sentences for other counts.")(citing United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017)). The court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served as to Count 1 and Count 3, to be followed by a term of supervised release for 8 years as to Count 1 and 3 years as to Count 3, to be served concurrently. All other provisions of the judgment entered September 6, 2005 remain in effect.

This order is stayed for up to fourteen days, for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended. Due to the COVID-19 pandemic, Defendant shall be tested for COVID-19 prior to his release and, provided he

does not test positive, shall not spend 14 days in quarantine in BOP custody, but shall be released and instead spend 14 days in quarantine in the place he will reside.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 10, 2020